IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WP Steel Venture LLC, <u>et al.</u>,[1]<br>Debtors. | Chapter 11<br><br>Case No. 12-11661 (KJC)<br><br>(Jointly Administered) |
| RG Steel Sparrows Point, LLC, Debtor in Possession,<br>Plaintiff,<br><br>vs.<br><br>Quality Industrial Contracting, Inc.,<br>Defendant. | Adv. No. **Refer to Summons** |

**COMPLAINT TO AVOID TRANSFERS
PURSUANT TO 11 U.S.C. §§ 547, 548 AND 502 AND TO RECOVER
<u>PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550</u>**

RG Steel Sparrows Point, LLC (the "Debtor"), Debtor in Possession (the "Plaintiff"), by and through its undersigned counsel, files this complaint (the "Complaint") to avoid and recover transfers against Quality Industrial Contracting, Inc. (the "Defendant"), and in support thereof alleges upon information and belief that:

**NATURE OF THE CASE**

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the Debtors' bankruptcy proceedings pursuant to 11 U.S.C. §§ 547 and 550. Subject to proof, Plaintiff also seeks to recover pursuant to 11 U.S.C. § 548 any transfers that may have been fraudulent conveyances.

---

[1] If applicable, the last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) WP Steel Venture LLC (7095); (ii) Metal Centers LLC; (iii) RG Steel, LLC (1806); (iv) RG Steel Railroad Holding, LLC (4154); (v) RG Steel Sparrows Point, LLC (3633); (vi) RG Steel Warren, LLC (0253); (vii) RG Steel Wheeling, LLC (3273); and (viii) RG Steel Wheeling Steel Group, LLC (9927).  The Debtors' executive address is 1430 Sparrows Point Boulevard, Sparrows Point, MD 21219.

2. To the extent that Defendant has filed a proof of claim or has a claim listed on the Debtors'[2] schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtors or the Debtors' chapter 11 estates, (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason including, but not limited to, 11 U.S.C. § 502 (a) through (j) ("Section 502"), and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to Section 502 may be sought by Plaintiff herein as further stated below.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the District of Delaware (the "Court"), Case No. 12-11661, pursuant to 28 U.S.C. §§ 157 and 1334(b).

4. The statutory and legal predicates for the relief sought herein are sections 502, 547, 548 and 550 of the United States Code (the "Bankruptcy Code") and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders for the matters contained herein.

**6.** Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1408 and § 1409.

---

[2] The Debtors are all entities listed in footnote 1.

## PROCEDURAL BACKGROUND

7.  On May 31, 2012 (the "Petition Date") the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

8.  On June 1, 2012, the Court entered an order authorizing the joint administration of the chapter 11 cases for procedural purposes pursuant to Bankruptcy Rule 1015(b). [Bankr. Docket No. 59].

## THE PARTIES

9.  The Debtors comprised the fourth largest flat-rolled steel company in the United States, with capacity to produce 8.2 million tons of steel annually. The Debtors were headquartered in Sparrows Point, Maryland. The Debtors' operations included three main steel producing operations: RG Steel Wheeling, LLC ("Wheeling") located in Wheeling West Virginia, RG Steel Warren, LLC ("Warren") located in Warren, Ohio and RG Steel Sparrows Point LLC, ("Sparrows Point") located in Sparrows Point, Maryland (collectively the "Operating Debtors"). The Sparrows Point plant operated as an integrated producer of a range of steel sheet, tin mill and high quality slab products. The Warren plant specialized in manufacturing custom products that are characterized by specialized chemistries, small order sizes, and narrow widths. The Wheeling plant operated primarily as a steel finishing plant.

10. Upon information and belief, at all relevant times, Defendant is in the contracting business. Defendant's principal place of business located at 9121 Lennings Lane, Baltimore, MD 21237. Plaintiff is informed and believes and on that basis alleges that Defendant is a corporation residing in and subject to the laws of the State of Maryland.

**FACTUAL BACKGROUND**

11. Prior to the Petition Date, in the ordinary course of business, the Debtors, as the fourth largest flat-rolled steel company in the United States, maintained business relationships with various business entities, through which the Debtors regularly purchased, sold, received, and/or delivered steel goods and services.

12. As the fourth largest flat-rolled steel company in the United States, the Debtors regularly purchased goods from various entities including vendors, creditors, suppliers and distributors. The Debtors, as a flat-rolled steel company, also regularly paid for services used to facilitate its steel producing business.

13. As of the Petition Date, the Operating Debtors generally had separate cash management systems and procedures, which collectively comprised the Cash Management System. However, all three Operating Debtors' cash management systems incorporated a single bank account held by debtor RG Steel, LLC ("RG Steel") at Wells Fargo Bank, N.A which was used primarily for the purpose of accumulating and concentrating funds generated by the Operating Debtors' businesses and applying such funds to pay down the Operating Debtors' and RG Steel's outstanding obligations. The bank accounts comprising the Cash Management System included lockbox/collection accounts, operating accounts, general disbursement accounts, payroll accounts, flexible spending accounts, and workers' compensation and pension disbursement accounts (the "Bank Accounts"). [See Bankr. Docket No. 10]. As of the Petition Date, the Operating Debtors collectively maintained Bank Accounts with Wells Fargo Bank, N.A., The Huntington National Bank, JPMorgan Chase Bank, N.A., Citibank, N.A., PNC Bank, National Association and WesBanco Bank, Inc.

14. During the ninety (90) days before the Petition Date, that is between March 2, 2012, and May 31, 2012 (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to certain entities.

15. During the course of their relationship, the Debtor and Defendant entered into numerous agreements, which are evidenced by invoices, communications and other documents (collectively, the "Agreements"). The details of each of the Agreements paid for during the Preference Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit "A." Such details include "Invoice Number," "Invoice Date," "Invoice Amount" and "Debtor(s) Incurring Antecedent Debt."

16. The Debtor and Defendant conducted business with one another up to and through the Petition Date pursuant to the Agreements.

17. Defendant provided goods and/or services to the Debtor, as readily identifiable in the Agreements, including but not limited to the invoices between the parties.

18. Plaintiff has completed an analysis of all readily available information of the Debtor and is seeking to avoid all of the transfers of an interest of the Debtor's property made by the Debtor to Defendant within the Preference Period.

19. Plaintiff has determined that the Debtor made transfer(s) of an interest of the Debtor's property to or for the benefit of Defendant during the Preference Period through payments aggregating an amount not less than $836,406.88 (the "Transfer" and/or "Transfers"). The details of each of the Transfers are set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit "A." Such details include "Check Number," "Check Amount," "Check Clear Date," and "Debtor Transferor(s)."

20. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor's property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (*e.g.*, but not exclusively, 11 U.S.C. §§ 542, 544, 545, 548 and/or 549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

21. Plaintiff acknowledges that some of the Transfers might be subject to defenses under Bankruptcy Code section 547(c), for which Defendant bears the burden of proof under Section 547(g).

## CLAIMS FOR RELIEF

### COUNT I

**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

22. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

23. Each Transfer was made to Defendant by the Debtor identified on Exhibit "A" under the column heading "Debtor Transferor(s)."

24. Each Transfer was paid from the Bank Accounts described *supra.*

25. Each Transfer constituted a transfer of an interest in property of the Debtor as identified on Exhibit "A."

26. During the Preference Period, Defendant was a creditor at the time of each Transfer by virtue of supplying goods and/or services identified in the Agreements to the Debtor identified on Exhibit "A" under the column heading "Debtor(s) Incurring Antecedent Debt" for which the identified Debtor was obligated to pay following delivery and/or services in accordance with the Agreements. See Exhibit "A."

27. Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor(s) identified on Exhibit "A" under the column heading "Debtor(s) Incurring Antecedent Debt" to Defendant. See Exhibit "A."

28. Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor(s) identified on Exhibit "A" under the column heading "Debtor(s) Incurring Antecedent Debt" to Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the Debtor(s) identified on Exhibit "A" under column heading "Debtor Transferor(s)." See Exhibit "A."

29. Each Transfer was made while the Debtor was insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

30. Each Transfer was made during the Preference Period. See Exhibit "A."

31. As a result of each Transfer, Defendant received more than Defendant would have received if: (i) the Debtor's case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtor's schedules filed in the underlying

7

bankruptcy case as well as the proofs of claim that have been received to date, the Debtor's liabilities exceed its assets to the point the unsecured creditors will not receive a full payout of their claims from the Debtor's bankruptcy estate.

32. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II
**(To Avoid Fraudulent Conveyances Pursuant to 11 U.S.C. § 548(a)(1)(B))**

33. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

34. Subject to proof, Plaintiff pleads in the alternative that to the extent one or more of the Transfers as identified on Exhibit "A" were not on account of an antecedent debt or a prepayment for goods and/or services subsequently received, the Debtor did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

    A. The Debtor was insolvent on the date that the Transfer(s) were made or became insolvent as a result of the Transfer(s); or

    B. The Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor who made or for whose benefit the Transfer(s) was made was an unreasonably small capital; or

    C. The Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

35. In accordance with the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

36. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

37. Plaintiff is entitled to avoid the Transfer(s) pursuant to 11 U.S.C.§ 547(b) and any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548. The Transfers and any Potentially Fraudulent Transfers are collectively referred to herein as "All Avoided Transfers."

38. Defendant was the initial transferee of All Avoided Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit All Avoided Transfers were made.

39. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant All Avoided Transfers, plus interest thereon to the date of payment and the costs of this action.

## COUNT IV
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

40. Plaintiff incorporated all preceding paragraphs as if fully re-alleged herein.

41. Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

42. Defendant is a transferee of All Avoided Transfers avoidable under 11 U.S.C. §§ 547 and/or 548.

43. Defendant has not paid the amount of All Avoided Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

44. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtor's chapter 11 estate or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of All Avoided Transfers, plus interest thereon and costs.

45. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtor's chapter 11 estate or Plaintiff previously allowed by the Debtor or Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of All Avoided Transfers.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant it the following relief against Defendant:

As to Counts I through IV, that the Court enter a judgment against Defendant:

A. That All Avoided Transfers avoidable under 11 U.S.C. §§ 547 and/or 548 in the total aggregate amount of not less than $836,406.88 be avoided;

B. That All Avoided Transfers, to the extent that they are avoided pursuant to 11 U.S.C. §547 and/or 548, be recovered by Plaintiff pursuant to 11 U.S.C. § 550;

C. Disallowing, in accordance with 11 U.S.C. § 502(d), any Claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

D. Disallowing, in accordance with 11 U.S.C. § 502(j), any Claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

E. Awarding pre-judgment interest at the maximum legal rate running from the date of the Complaint to the date of judgment herein;

F. Awarding post judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

G. Requiring Defendant to pay forthwith the judgment amount awarded in favor of Plaintiff; and

H. Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: January 7, 2013

| | | |
|---|---|---|
| Local Counsel | By: | _/s/ Ronald S. Gellert_ |
| | | Ronald S. Gellert (DE 4259) |
| | | Michael Busenkell (DE 3933) |
| | | Gellert Scali Busenkell & Brown, LLC |
| | | 913 North Market Street, 10th Floor |
| | | Wilmington, DE 19801 |
| | | Telephone: (302) 425-5800 |
| | | Fax: (302) 425-5814 |
| | | E-Mail: rgellert@gsbblaw.com |

and

Primary Counsel
(**Please Contact Primary Counsel**) Joseph L. Steinfeld, Jr., DC SBN 297101,
MN SBN 0266292, VA SBN 18666
Gary D. Underdahl, MN SBN 0301693
ASK LLP
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
**Telephone:** (651) 406-9665 ext. 857
**Fax:** (651) 406-9676
**E-Mail:** gunderdahl@askllp.com

and

Edward E. Neiger, Esq.
Marianna Udem, Esq.
Sahar Hakakian, Esq.
151 West 46th Street, 4th Fl.
New York, NY 10036
Telephone: (212) 267-7342
Fax: (212) 918-3427
e-mail: shakakian@askllp.com

*Attorneys for Plaintiff, RG Steel Sparrows Point, LLC, Debtor in Possession*